# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2022 12:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Oliva, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF PASADENA, METRO TRANSIT AND DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELA CABRERA



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2022 DEC 15 AM 11:35

CITY CLERK
CITY OF PASADENA

Hand delivered
a. mcmillan

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alhambra Courthouse
150 West Commonwealth
Alhambra, CA 91801

CASE NUMBER:
*(Número del Caso):* **22AHCV01210**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 240231); 15786 Sophomore Ct, Moorpark, CA 93021; (310) 779-2348

| DATE: *(Fecha)* 12/02/2022 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* A. Oliva | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Pasadena,

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity CCP 416.50
4. ☒ by personal delivery on *(date):*



2022 DEC 15 PM
CITY OF PASADENA
CITY ATTORNEY
CIVIL DIVISION
RECEIVED

SUMMONS 12-5-22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2022 12:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Oliva, Deputy Clerk
22AHCV01210
Assigned for all purposes to: Alhambra Courthouse, Judicial Officer: Colin Leis

Dayton Magallanes (Bar No. 240231)
LAW OFFICES OF DAYTON MAGALLANES
15786 Sophomore Ct
Moorpark, CA 93021
Telephone: 310-779-2348
Email: DaytonMagallanes@Yahoo.com

Attorney for Plaintiff,
Gabriela Cabrera

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, ALHAMBRA COURTHOUSE

| | |
|---|---|
| GABRIELA CABRERA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PASADENA, METRO TRANSIT AND DOES 1-10, INCLUSIVE<br><br>    Defendants. | Case No. 22AHCV01210<br><br>VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR VIOLATION OF:<br><br>1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*;<br>2. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54<br><br>ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5 |

Plaintiff Gabriela Cabrera complains of City of Pasadena and Metro Transit; and Does 1-10 ("Defendants"), inclusive, allege the following:

### INTRODUCTION

1. Plaintiff Gabriela Cabrera, an individual suffering from polio, and as a result thereof, afflicted with physical disabilities, requires the use of a wheelchair wherever she goes,

and brings the following action, alleging that Defendants City of Pasadena and Metro Transit have and continue to discriminate against her based on her disability and in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly maintain, construct, or alter the bus stop located at Glen Ave. and Washington ("Bus Stop") such that this stop is completely inaccessible to her as a wheelchair user.

3. Because of Defendants' failure to guarantee the accessibility of the bus stop, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' services, programs, and activities, all to her detriment and damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her "full and equal" access to the Bus Stop as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing her civil rights.

## LITIGATING PARTIES

5. Plaintiff resides in California with physical disabilities. She suffers with polio and cannot walk. She requires the use of a wheelchair for mobility wherever she goes because she is unable to stand or walk independent of assistance and requires a wheelchair for movement. Plaintiff is at all times relevant herein, a "qualified person with a disability" and a "physically disabled person," as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

6. Defendant City of Beverly Hills and Metro Transit are at all times relevant to herein, political subdivisions of the State of California.

2

Verified Complaint For Damages and Permanent Injunctive Relief

7. Plaintiff is informed and believes that each of the Defendants herein, including Does 1-10, inclusive, is accountable in some capacity for the events alleged herein, or is a necessary party for obtaining proper relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, or responsibilities of the Defendants and Does 1 through 10, inclusive, are determined.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## COURT JURISDICTION

9. Does 1-10 are sued pursuant to Code of Civil Procedure section 474.

## ALLEGED FACTS

10. Plaintiff resides in the City of West Covina.

11. Plaintiff was in the geographic area of the Defendant's public accommodation because she was selling trinkets in the surrounding area.

12. Plaintiff intended to use the public accommodation because she wanted to use the bus, just as any ambulatory patron would, but the architectural barriers actually denied her full

3

Verified Complaint For Damages and Permanent Injunctive Relief

and equal access for Plaintiff's particular disabilities, causing her difficulty, discomfort, and embarrassment in the process.

13. This complaint is filed on behalf of a high frequency litigant. For the pertinent statutory period, 39 construction related accessibility claims have been filed.

14. Plaintiff requires use of a manual wheelchair to get around.

15. Plaintiff generally does not drive and uses public transportation to travel around the community.

16. Plaintiff sells trinkets as a street vendor when visiting the area and required the use of public transportation to board at the Glen Ave. and Washington bus stop.

17. Bus number 256 stops at the Bus Stop to drop off and pick up bus riders, including Plaintiff, at the location of Glen Ave. and Washington.

18. Plaintiff was unable to use bus stop, because it lacked a pathway to board the bus due to the stop consisting of grass and dirt, rather than a smooth cement surface, thereby precluding Plaintiff from being able to traverse her wheelchair through said area in order to board the bus while in her manual wheelchair.

19. On information and belief, at all times relevant herein, City of Pasadena and Metro Transit owned, controlled, maintained, and exercised dominion over the Bus Stop.

20. The bus stop lacks an accessible boarding and unloading area. The features that make the Bus Stop inaccessible to wheelchair users include:

   a. The boarding and unloading area lacks a pathway to board the bus due to the stop consisting of grass and dirt, rather than a smooth cement surface, thereby precluding

4

Verified Complaint For Damages and Permanent Injunctive Relief

Plaintiff from being able to fit her wheelchair through said area in order to board the bus while in her manual wheelchair;

b. The immediately surrounding "pathway" areas of said boarding and unloading area lacks a smooth concrete pathway for Plaintiff to traverse safely in her wheelchair in order to board the bus, thus, making it impossible for Plaintiff to travel in the designated bus stop area. Plaintiff would therefore have to maneuver the concrete roadway, literally placing herself in the line of vehicular traffic, were she to use the bus stop as currently designed.

21. On or about the date of September 26, 2022, Plaintiff was at the Bus Stop and got stuck while attempting to traverse the grass and dirt pathway where the bus stop is currently placed. Thus, she was unable to be use this bus stop due to the aforementioned barriers. Plaintiff made alternate transportation arrangements due to the aforementioned barriers and due to the extreme distance, difficulty, and danger Plaintiff would have encountered in attempting to catch a bus at said Bus Stop, while also being forced to wait for the bus on the side of the roadway.

22. Plaintiff's difficult experiences using the Bus Stop have caused her difficulty, discomfort, embarrassment, and frustration.

23. Plaintiff filed a claim form with City of Pasadena and also with Metro Transit on or about October 11, 2022, mailing it via certified mail.

24. Plaintiff filed an amended claim with Metro Transit on November 3, 2022, mailing it via certified mail.

5

Verified Complaint For Damages and Permanent Injunctive Relief

25. Plaintiff contends that Defendants have failed to ensure the accessibility of the Bus Stop, and in so doing have failed to guarantee her equal access to and use of the services, activities, and programs they provide to the public by and through the Bus Stop, violating Federal and State law.

26. Based on information and belief, the Bus Stop has undergone construction and/or alteration since January 1, 1982, triggering applicable California accessibility standards, California Code of Regulation, Title 24. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

27. Based on information and belief, the Bus Stop has undergone construction and/or alteration since January 1, 1992, triggering applicable ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

28. Plaintiff intends to use the Bus Stop to visit local shops and/or visit with friends in the future, and would like to do so self-sufficiently and without encountering the above-described accessibility barriers.

29. Until said barriers to the accessibility of the Bus Stop is removed, and Defendants' unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of bus stops are changed, Plaintiff will continue to be denied full and equal access to Defendants' activities, programs, and services, and will suffer continued discrimination and damages as a result.

30. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff, that is incalculable in monetary remedies. Plaintiff has no adequate remedy at law because monetary damages, will not provide adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of her civil rights as alleged herein. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED

*(As to claims for damages under California State Law)*

31. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with City of Pasadena on or about October 11, 2022. The City of Beverly Hills rejected this claim by operation of law on November 25, 2022.

32. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with Metro Transit on or about October 11, 2022, as well as an amended claim on November 3, 2022. Metro Transit rejected this claim by in writing on November 16, 2022.

## FIRST CAUSE OF ACTION

### Title II of the Americans with Disabilities Act

### 42 U.S.C. § 12131 *et seq.*

33. Each of the foregoing paragraphs is incorporated herein by reference.

34. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

7

Verified Complaint For Damages and Permanent Injunctive Relief

benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

35. Defendants have at all times mentioned herein been public entities within the meaning of Title II of the ADA.

36. Bus stops are a program, service, and/or activity Defendants offer to the public at large.

37. At all times relevant herein Plaintiff was qualified to use the Bus Stop, and met the essential eligibility requirements for use of the Bus Stop.

38. Defendants' acts and omissions alleged herein have denied Plaintiff the benefits and uses of the Bus Stop, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing to design, construct, and/or alter the Bus Stop in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

   b. Failing to operate the Bus Stop so that it is "readily accessible to and usable by individuals with disabilities." (28 C.F.R. § 35.150(a));

   c. Denying Plaintiff the opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to the public, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(ii));

   d. Providing Plaintiff opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to members of the public that is not equal to that afforded her ambulatory peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, benefit, or opportunity enjoyed by others receiving the aids, amenities, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

f. Employing methods of administration that effectively subject Plaintiff to discrimination due to her disability (28 C.F.R. § 35.130(b)(3)(i)); and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

39. Title II requires public entities to remove physical barriers that limit or deny access to a public entity's programs, services, and activities under the ADA by no later than January 26, 1995. 28 C.F.R. § 35.150(c). Since enactment of the ADA, and every year thereafter, Defendants' have failed to take appropriate measures to remove such barriers to the Bus Stop, in violation of the ADA.

40. Defendants' duties under the ADA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

41. Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**

**Section 504 of the Rehabilitation Act of 1973 - 29 U.S.C. § 794**

42. Plaintiff incorporates by reference each of the foregoing paragraphs.

43. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

44. Defendants receive "federal financial assistance" in the form of federal grants and loans.

45. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

46. Defendants' duties under Section 504 are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

47. Plaintiff prays for judgment as set forth below Pursuant to 29 U.S.C. § 794(a).

### THIRD CAUSE OF ACTION

**California Disabled Persons Act - California Civil Code § 54**

*(Statutory damages and attorneys' fees only)*

48. Each of the foregoing paragraphs is incorporated herein by reference.

49. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places..." Cal. Civ. Code § 54(a).

50. Described herein, Defendants' acts and/or omissions violate the rights of Plaintiff under the CDPA. Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24, amongst other things as alleged herein.

Verified Complaint For Damages and Permanent Injunctive Relief

51. Defendants have also violated the CDPA by violating the ADA. See Cal. Civ. Code, § 54(c).

52. Defendants' duties under the CDPA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

53. Plaintiff prays for statutory damages and attorney's fees under Cal. Civ. Code § 54.3(a), pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a).

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

### PRAYER

Plaintiff prays that this Court:

1. Issue an injunction pursuant to the ADA and Section 504, ordering Defendants to:

    a. Take the requisite steps in bringing the Bus Stop into compliance with applicable federal and state accessibility standards and make it fully and equally available to individuals with mobility disabilities;

    b. Modify their respective policies to ensure compliance with new construction and alteration standards and program accessibility obligations.

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

Verified Complaint For Damages and Permanent Injunctive Relief

3. Award Plaintiff reasonable attorneys' fees, litigation expenses, and costs, as provided by law; and

4. Award all other relief as the Court may deem proper.

Dated: 12/1/2022

LAW OFFICES OF DAYTON MAGALLANES

By: _____
Dayton Magallanes
Attorney for Plaintiff,
Gabriela Cabrera

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated: 12/1/2022

_____
Gabriela Cabrera